PITTSBURG PLATE GLASS COMPANY, Appellee, v. W. F. KUCHARO & COMPANY, Appellant, et al.

**SALES:** Construction of Contract—Liability of Contractor. Evidence reviewed and *held* that plate glass furnished for a building was sold and delivered to a defendant contractor to replace glass broken by negligence of subcontractor, and was not sold or furnished to the owner of the building, nor to the owner's plate glass insurer.

*Appeal from Polk District Court.*—JOSEPH E. MEYER, Judge.

JULY 7, 1919.

REHEARING DENIED SEPTEMBER 20, 1919.

ACTION in equity to recover for certain building material alleged to have been furnished the defendants, and to establish a mechanics' lien thereon.

There was a decree for the recovery of the amount claimed, as against W. F. Kucharo & Company, and petition dismissed as against the other defendants. Kucharo & Company appeal.—*Affirmed.*

*W. S. Ayres* and *Brockett, Strauss & Shaw,* for appellant.

*Stipp, Perry, Bannister & Starzinger, James A. Howe,* and *Read & Read,* for appellees.

WEAVER, J.—The defendant Chamberlain entered into a contract with his codefendant, W. F. Kucharo & Company, a firm of builders, for the construction of a large garage in the city of Des Moines, Iowa. By the terms of the agreement, Kucharo & Company were to furnish all materials and complete the building according to the architect's plans and specifications. The contractors also

undertook and agreed "to repair and replace all break-
ages occurring during the course of construction."

The plan of the building included a plate glass front,
which Kucharo & Company set or caused to be set in place
during the progress of the work. The glass so used was
purchased from the plaintiff and duly paid for; but, before
the job was completed, one of the larger plates was broken,
the accident being caused, as is alleged, by the act or neg-
ligence of a subcontractor, who undertook to plaster the
building. It appears that, before this glass was set, either
Chamberlain or his lessee, The Payne Motor Company, at
the request of Kucharo & Company, had caused it to be
insured, and when the breaking occurred, the local repre-
sentative of the insurance company, taking it for granted
that the insurer was liable upon its policy, sent an order to
plaintiff to furnish another plate; but before delivery had
been made, the insurer decided that the loss was not one
provided against in the policy, and countermanded the or-
der which had been given by its agent, and declined to as-
sume any responsibility for the damage so sustained.

The record of just what was done, and by whom, at
this stage of the transaction, is by no means clear, except
that the Glass Company did finally ship the plate, and
it was appropriated and set in place of the broken one by
Kucharo & Company. To whom it was consigned does not
appear; but it may, perhaps, be assumed that it was sent
to plaintiff's own order, or to that of its local representa-
tive. After the first plate was broken, Kucharo & Com-
pany called upon plaintiff for an estimate of the cost of
replacing it with a new one. The insurance company also
obtained a similar estimate, and gave the order which, we
have said, was later recalled. The Glass Company prepared
and cut the glass to fit the plan of the building, and after
the countermand, it was forwarded, on the theory, appar-
ently, that it would be accepted and paid for by the party

on whom the duty of replacing the broken plate should be found to rest. The price placed upon the plate included the work of installing it in place, and Kucharo & Company repeatedly called upon the plaintiff or its agent to deliver and set the glass, and this was finally done.

When this work had been done, and the building completed, the architect certified such completion to Chamberlain, who paid Kucharo & Company the full contract price of the job. On demand by plaintiff for the price of the new plate, Kucharo & Company denied liability therefor, on the theory that the glass was forwarded on the credit of the insurance company or of Chamberlain. Thereupon, this action was brought, and, on trial to the court, plaintiff was found entitled to recover from Kucharo & Company; and they appeal.

It is not altogether easy to understand the course of reasoning by which the appellants repudiate responsibility for this debt. In the first place, they were bound by contract to make and deliver to Chamberlain a completed building, with an unbroken glass front. Its obligation in this respect was not performed by putting in the first plate, which was broken during the progress of the work. The breaking was a misfortune, the risk of which they had expressly assumed. The testimony offered, to the effect that appellants had refused to put in the glass until it was insured, is neither relevant nor material. No such thing was provided for in the contract, and the contractors could not make it a condition of the performance of their agreement. It may be admitted, for the purposes of the argument, that the insurance company did order the new glass; and, if that were all which it disclosed, it is probable that the defendant would not be liable for the price; but it is shown without dispute that the order was countermanded.

It appears also without dispute that, after this countermand, Kucharo & Company repeatedly urged the plain-

tiff to put in the glass.   True, Kucharo, as a witness, says
he did not know of the countermand, and he assumed or
believed that the glass was being put in on the credit or
on the order of the insurance company, until after the work
was completed; but it does not appear that plaintiff knew
that the contractors were being misled, and plaintiff was
clearly justified in assuming that, when the contractors
asked it to put in the glass, they expected to pay for it.

We think it unnecessary to follow counsel on either
side in their discussion of the law on the more or less hazy
subject of quasi contracts.   Indeed, even upon the appel-
lant's own showing, we think that, when plaintiff furnished
and installed the new glass at appellant's request, the ob-
ligation of the latter to pay for it became fixed.   Appel-
lants, as we have said, were bound to replace the glass be-
fore they could demand payment of the contract price from
Chamberlain.   No one else is shown to have been charged
with any duty in this respect.   Neither Chamberlain nor the
Payne Motor Company was liable for anything except pay-
ment of the contract price of the completed building.   No
one appears to have collected any insurance.   Indeed, the
record is barren of any evidence that there was any valid
insurance, or that the insurance company was in any man-
ner bound to make good the loss.   If appellants believed
there was insurance, and that the insurer was furnishing
the glass, plaintiff is not shown to be chargeable with any
fault concerning it.

Appellants suffer no loss or disadvantage except that
resulting from the risk which they assumed in the building
contract, for which risk they were presumably compensated
in the price which they placed upon their work.   They have
received the property of the plaintiff, and have put it into
the building which they were constructing for Chamber-
lain, from whom they have received full payment.

To sustain the defense would be clearly inequitable.

The decree of the district court is right, and it is—*Affirmed.*

LADD, C. J., GAYNOR and STEVENS, JJ., concur.